UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| OAKES AUTO, INC., <br> DO KCK, LLC, <br><br> **Plaintiffs,** <br><br> v. <br><br> MITSUBISHI MOTORS OF <br> NORTH AMERICA, <br> PHIL KELLEY, <br><br> **Defendants,** | Case No. 24-2175-TC-GEB |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion") **(ECF No. 45)**. Plaintiffs' filed this case in the District Court of Wyandotte County, Kansas. Defendants removed the case here. Plaintiffs seek leave to amend their prayer for relief to seek punitive damages on two counts – Count IV – Breach of Fiduciary Duty against Mitsubishi Motors of North America ("MMNA") and Count VI – Tortious Interference against MMNA. The Motion is ripe for decision. After careful consideration of the parties' briefing, the Court **GRANTS** Plaintiffs' Motion.

**I.   Background**[1]

On or about December 4, 2017, after obtaining approval from MMNA, Plaintiff

---

[1] Unless noted otherwise, the information in this section is taken from the First Amended Petition, ECF No 1-1. This background information should not be construed as judicial findings or factual determinations.

1

Oakes Auto, Inc. ("Oakes Auto") entered into an Asset Purchase Agreement to purchase certain assets from the company doing business as Olathe Mitsubishi. Plaintiff DO KCK, LLC purchased the real estate Olathe Mitsubishi was located on. On June 18, 2018 Oakes Auto and MMNA entered into a Franchise Agreement for a term of three years. The Franchise Agreement was subsequently renewed in 2021. After disagreements over participation in MMNA's Visual Identity Program, the provision of Grand Opening Funds, and allocation of vehicles; as well as MMNA's purported failure to approve Oakes Auto's bulk sale to Enterprise or approve the sale of Oakes Mitsubishi and the corresponding real estate to a proposed purchaser, MMNA terminated the Franchise Agreement on June 21, 2023.

Plaintiff Oakes Auto filed its initial Petition in state court against Defendants on March 15, 2024. The First Amended Petition adding DO KCK, LLC as a Plaintiff was filed March 22, 2024. It is 41 pages in length, with 258 paragraphs, and includes the following claims:

- Count I - Breach of Contract and the Covenant of Good Faith and Fair Dealing by Oakes Auto against MMNA;
- Count II – Violations of the Automobile Dealer's Day in Court Act by Oakes Auto against MMNA;
- Count III – Violations of Kansas Dealers and Manufactures Licensing Act, K.S.A. § 8-2401, et seq. by Oakes Auto against MMNA;
- Count VI – Breach of Fiduciary Duty by Oakes Auto against MMNA;
- Count V – Negligent Misrepresentation by Oakes Auto against MMNA and Phil Kelley; and
- Count VI – Tortious Interference by DO KCK, LLC against MMNA.

On April 29, 2024 Defendants removed the case to the District of Kansas. Defendant Phil Kelley's Motion to Dismiss and Defendant Mitsubishi Motors North America, Inc.'s

Partial Motion to Dismiss Plaintiffs' First Amended Petition[2] ("Partial Motion to Dismiss") was timely filed on May 6, 2024. MMNA seeks to dismiss Counts II and VI and both MMNA and Phil Kelley seek to dismiss Count V, the only claim against Mr. Kelly. The partial motion to dismiss is ripe for decision, but has not been decided as of the date of this Order.

Where the motion to dismiss, even if granted in full, would not dispose of all claims, the Court set the matter for a Scheduling Conference on June 25, 2024. The Scheduling Order[3] was entered the following day setting a deadline of September 1, 2024 for any motions to amend. On August 28, 2024, the parties filed a Joint Motion to Amend Scheduling Order[4] which was granted extending the deadline for any motions to amend up to and including December 1, 2024.[5] Plaintiffs timely filed their Motion. All related briefing is complete and the Motion is ripe for decision.

## II.     Plaintiffs' Motion for Leave to File Second Amended Complaint

### A.     Legal Standard for Amendment

The standard for permitting parties to amend their complaint is well established. Parties may amend their pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) no later than 21 days after serving it or within 21 days after a responsive pleading is filed. However, in a case such as this, where the time to amend as a matter of course has passed,

---

[2] ECF No. 8.
[3] ECF No. 20.
[4] ECF No. 30.
[5] ECF No. 31.

parties may only amend with the consent of the opposing parties or with leave of court.[6] Rule 15(a)(2) provides leave to amend should be freely given when justice so requires. The decision to grant leave is within the sound discretion of the court.[7]

A court considers a number of factors in deciding whether to allow an amendment. They include undue delay, bad faith or dilatory motive, undue prejudice to the other party(ies), and futility of amendment.[8] In exercising its discretion, a court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[9] Rule 15 is intended "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[10] Keeping these standards in mind, the Court evaluates Plaintiffs' Motion.

### B.    Discussion

Plaintiffs seek to amend to add a claim for relief to Count IV – Breach of Fiduciary Duty and Count VI – Tortious Interference. The amendment includes the addition of a claim for punitive damages to the prayers for relief on each of these counts as well as three paragraphs adding facts to support their claim for punitive damages. Because Plaintiffs filed their lawsuit in state court, they were not permitted to request punitive damages in the

---

[6] Fed. R. Civ. P. 15(a)(2).
[7] *Somrak v. Kroger Co.*, No. 17-2480-CM, 2018 WL 1726346, at *1 (D. Kan. April 10, 2018) (citing *J. Vangel Elec., Inc. v. Sugar Creek Packing C o.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012)).
[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[9] *Hinkle v. Mid-Continent Cas. Co.*, No. 11-2652-JTM, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (quoting *Koch v. Koch Industries,* 127 F.R.D. 206, 209 (D.Kan.1989)).
[10] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982) (citing 6 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1471, at 359 (1971)).

initial Petition.[11] Plaintiffs had not sought leave to amend to add a claim for punitive damages during the 45 days the case was pending in state court prior to removal. Plaintiffs however, later indicated their intent to seek punitive damages when such damages were included in the damages calculation in their Fed. R. Civ. P. 26(a) disclosures.

Defendants argue the Motion should be dismissed based upon futility. Although not explicitly set forth as undue prejudice, Defendants also allege granting the Motion would likely cause the pending Partial Motion to Dismiss to be found as moot due to a new operative complaint being filed. They argue being required to refile their motion to dismiss would cause unnecessary expense and delay.

Defendants do not argue the addition of a claim for punitive damages to Plaintiffs' claims for breach of fiduciary duty and tortious interference is futile. Instead, they argue neither of the underlying claims will survive dispositive motion practice and therefore Plaintiffs' Motion should be denied as futile, or at the very least denied without prejudice, and given leave to file an amended complaint adding punitive damages if either claim survives. Defendants included Plaintiffs' claim for tortious interference in their Partial Motion to Dismiss. Although the claim for breach of fiduciary duty is not included in the Partial Motion to Dismiss, Defendants indicate it will be the subject of a motion for summary judgment. Although Defendants only address futility, and perhaps undue prejudice, the Court will address each factor in turn.

---

[11] K.S.A. § 60-3703.

### 1. Undue Delay

Plaintiffs did not delay in filing their Motion. Pursuant to K.S.A § 60-3703, Plaintiffs were unable to make a claim for punitive damages in their initial Petition. They did not seek leave to amend to add punitive damages in the short time the case was pending in state court. The parties conferred regarding an extension of the deadline to file any motion for leave to amend. The parties wanted to avoid unnecessary confusion with the pending Partial Motion to Dismiss and hoped to avoid it needing to be refiled. They filed a Joint Motion to Amend Scheduling Order which was granted extending the deadline for any motion to dismiss up to and including December 1, 2024. Plaintiffs Motion was timely filed.

### 2. Bad Faith or Dilatory Motive

Again, Plaintiff Oakes Auto was not permitted to include a claim for punitive damages in its initial Petition. After Defendants removed the case to this Court, Plaintiffs Oakes Auto and DO KCK, LLC signaled their intent to seek punitive damages by including them in their damages calculations in their Rule 26 disclosures. Upon timely motion, Plaintiffs now seek to add the claim for punitive damages to two of their six claims in this action. The Court does not find Plaintiffs Motion is made in bad faith or for a dilatory motive.

### 3. Undue Prejudice

As the parties opposing amendment, Defendants have the burden to establish undue

prejudice.[12] Prejudice "'means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party.'"[13] Amendment invariably causes some prejudice, "but leave to amend is not denied unless the amendment would work an injustice to the defendants."[14] Defendants allege granting the Motion would likely cause the pending Partial Motion to Dismiss to be found as moot due to a new operative complaint being filed and argue being required to refile their motion to dismiss would cause unnecessary expense and delay.

The Court is hopeful, where the issue of adding a claim of punitive damages to Count IV – Breach of Fiduciary Duty and Count VI – Tortious Interference does not alter the allegations regarding the underlying claim for tortious interference in the Partial Motion to Dismiss, the District Judge will be able to decide the pending motion despite their being a new operative complaint. However, even if the Partial Motion to Dismiss is found as moot, the Court finds the expense and delay of refiling a motion to dismiss does not work an injustice to the Defendants and is not undue prejudice.

### 4.     Futility

Defendants as the parties opposing amendment also bear the burden of showing the amendments are futile.[15] Amendment of a complaint is considered futile if "…it is

---

[12] *Koch v. Koch Industries*, 127 F.R.D. 206, 210 (D. Kan. 1989).
[13] *Id.* at 209 (quoting *Federal Deposit Insurance Corp. v. Berr*, 643 F.Supp. 357, 359 (D. Kan. 1986)).
[14] *Id.* at 209-10 (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).
[15] *Bailey v. Hyatt*, No. 15-4001-SAC, 2015 WL 4603292, at *3 (D. Kan. July 30, 2015) (citing *Boykin v. CFS Enter. Inc.*, No. 08-2249-CM, 2008 WL 4534400, at 1 (D. Kan. Oct. 6, 2008)).

'patently obvious' that the plaintiff[s] could not prevail on the facts alleged…."[16] Courts analyze a futility argument "as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."[17] "Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amendment as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff[s] can prove no set of facts in support of [their] claims that would entitle [them] to relief."[18]

Defendants do not allege the amendment to include a claim for punitive damages to Count IV – Breach of Fiduciary Duty and Count VI – Tortious Interference is futile. In fact, they suggest amendment to add punitive damages be permitted if either underlying claim survives dispositive motion. Defendants incorporate by reference their argument in the Partial Motion to Dismiss that Plaintiff DO KCK, LLC's claim for tortious interference fails to state a claim and briefly sets out the argument it would make in a motion for summary judgment arguing Plaintiff Oakes Auto's claim for breach of fiduciary duty fails as a matter of law.

The Court cannot conclude that Plaintiffs' proposed prayer for punitive damages could not withstand a motion to dismiss.[19] The issue of futility of the underlying claims for

---

[16] *Id.* (quoting *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010)).
[17] *Id.* (quoting *Mars v. Novartis Pharm. Corp.*, No. 11-2555-RDR, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012)).
[18] *Hollis v. Acoustic Sounds, Inc.*, No. 13-1083-JWL, 2013 WL 4768076, at *2 (D. Kan. Sept. 4, 2013) (citing *Pedro v. Armour Swift–Eckrich*, 118 F.Supp.2d 1155, 1158 (D. Kan. 2000) and *Green v. Auto Pro of Okla. LLC*, 345 F. App'x 339, 342 (10th Cir.2009)).
[19] *Hollis*, at *2.

tortious interference and breach of fiduciary duty is better addressed by the presiding district judge in the pending Partial Motion to Dismiss and any forthcoming motion for summary judgment.[20] Where Defendants do not oppose the amendment to add punitive damages only opposing the underlying claims and Plaintiffs' amendments to not appear "clearly frivolous," the Court exercises its discretion and grants Plaintiffs leave to file their Second Amended Complaint.[21]

For the reasons set forth above, **IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint **(ECF No. 45)** is **GRANTED**. Plaintiffs shall file their Second Amended Complaint no later than **March 7, 2025**.

**IT IS SO ORDERED.**

Dated this 26th day of February, 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

---

[20] *Id. See also Johnston v. Prairie View, Inc.*, No. 19-2041-CM, 2019 WL 5291174, at *4 (D. Kan. Oct. 18, 2019) ("Permitted the filing of the proposed amendment 'comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)' where Defendants may later challenge the claim, particularly in light of the lack of prejudice to Defendants…."); *Somrak v. Kroger Co.*, No. 17-2480-CM, 2018 WL 1726346, at *5 (D. Kan. April 10, 2018) ("Exercising its discretion, and recognizing Defendant will have an opportunity to challenge the sufficiency of the new claims through a later dispositive motion, the Court will not deny Plaintiff's proposed amendment on the basis of futility."); and *Watkins v. Genesh, Inc.*, No. 19-2486-JAR, 2020 WL 5993641, at * (D. Kan. Oct. 9, 2020) ("[U]pon review of both Plaintiff's proposed amendment and the motion briefing, this Court is unable to definitively find Plaintiff's claim futile under § 1981….knowing the parties will clarify the evidence through further pleading and discovery, the Court prefers to err on the side of amendment.")

[21] *Hollis*, 2013 WL 4768076 at *2.