## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

OAKES AUTO, INC.,
DO KCK, LLC,

      **Plaintiffs,**

v.

**MITSUBISHI MOTORS OF
NORTH AMERICA,
PHIL KELLEY,**

      **Defendants,**

**Case No. 24-2175-TC-GEB**

## <u>ORDER</u>

This matter comes before the Court on Plaintiffs' Unopposed Motion for Approval of Alternative Method of Service of Subpoena and for Remote Deposition ("Motion") (ECF No. 120). Plaintiffs seek an order permitting an alternative method of service of a deposition subpoena on Steven Smidlein, former employee of Defendant Mitsubishi Motors of North America, after multiple efforts to obtain service upon him. Plaintiffs also seeks leave to take Mr. Smidlein's deposition remotely. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion **(ECF No. 120)**.

Fed. R. Civ. P. 45(b) governs service of subpoenas. "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's

attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."[1] Courts in this District have held "delivering a copy" as used in Rule 45 does not require personal service.[2] "The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service."[3] Service must be made "in a manner that reasonably insures actual receipt of the subpoena."[4]

Here, counsel for Plaintiffs endeavored to contact Mr. Smidlein both by phone and text to obtain his voluntary compliance, or at least attempt to accommodate his schedule, if voluntary compliance would not be given. Mr. Smidlein indicated he was not interested in appearing and hung upon counsel's staff. He failed to respond to later voice messages or texts. The first subpoena of multiple subpoenas was then issued. Over time Plaintiffs have hired two companies to obtain service on Mr. Smidlein and has had to reissue the deposition subpoena moving the deposition date when service could not be timely obtained. On June 26, 2024, personnel from Blue Eagle Investigations attempted service outside of Mr. Smidlein's place of employment. The process server called Mr. Smidlein's name and Mr. Smidlein began to run. The process server dropped the subpoena and check with the

---

[1] Fed. R. Civ. P. 45(b)(1).

[2] *Ross v. Jenkins*, No. 17-2547-DDC, 2019 WL 3453705, at *1 (D. Kan. July 31, 2019) ("[T]he court concluded that 'delivering a copy [of the subpoena] to the named person'—the phrase used by Rule 45—can include methods of service other than direct, hand-over-hand personal service."); *W. Res. Inc. v. Union Pac. R. Co.*, No. 00-2043-CM, 2002 WL 1822432, at *2 (D. Kan. July 23, 2002) ("The language of Rule 45 does not explicitly demand personal service of a subpoena…"); *Yost v. K. Truck Lines, Inc.*, No. 03-2086-DJW, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) ("This Court cannot find that the language of Rule 45(b)(1) mandates personal delivery on the individual or that it prohibits alternative means of service.").

[3] *W. Res. Inc.,* 2002 WL 1822432, at *2.

[4] *Yost,* 2006 WL 8440101, at *2.

witness fee at Mr. Smidlein's feet and advised him he had been served.[5] The relevant subpoena set the deposition for July 16, 2025 via Zoom. Defense counsel contacted Mr. Smidlein the evening prior to the deposition to answer any questions. Mr. Smidlein indicated he was not aware of the deposition and would not appear until served. Mr. Smidlein's failure to appear was put on the record the following day.

Plaintiffs now seek to serve by alternative means their fourth subpoena for the deposition of Mr. Smidlein now set for July 30, 2025, the day before discovery closes in this matter. Plaintiffs seek to effectuate service by one or more methods including: 1) mailing the subpoena, mileage check, and witness fee to Mr. Smidlein's residence via FedEx or UPS with no signature required; and/or 2) by having Blue Eagle Investigations deliver the subpoena to the front desk or management office of Mr. Smidlein's known place of employment. The Court finds service not by just one, but rather by both means, will reasonably insure actual receipt of the subpoena. And based upon Plaintiffs efforts to serve Mr. Smidlein to date finds alternative service is appropriate.

Next the Court will turn to Plaintiffs request to take the deposition of Mr. Smidlein remotely. Fed. R. Civ. P. 30(b)(4) provides "[t]he parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means." Here the parties stipulate to the deposition of Mr. Smidlein being taken by Zoom or another reliable video platform. However, where they do not have the agreement of Mr. Smidlein, Plaintiffs

---

[5] Return of Service, ECF No. 118.

request a court order permitting the deposition be taken remotely. They ask that Mr. Smidlein appear at the office of an identified court reporting firm located within 100 miles of Mr. Smidlein's residence.

The rule in Fed. R. Civ. P. (30)(b)(4) "is permissive, not mandatory, and the Court must exercise its discretion in determining whether the moving party has shown good cause for issuance of a protective order requiring that a deposition be taken remotely."[6] "To establish good cause, the moving party must make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"[7] In its discretion, where Mr. Smidlein has previously failed to appear for his deposition and to avoid travel expenses for counsel located in Kansas, Missouri, New York, and Massachusetts should Mr. Smidlein again fail to appear, the Court, finds good cause for the deposition of Mr. Smidlein to take place remotely as requested.

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Unopposed Motion for Approval of Alternative Method of Service of Subpoena and for Remote Deposition **(ECF No. 120)**.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

---

[6] *L.D.M. by and through Matheny v. LMH Health*, No. 20-2491, 2021 WL 5906039, at *3 (D. Kan. Dec. 14, 2011) (quoting *Manley v. Bellendir*, No. 18-1220-EFM, 2020 WL 2766508, at *2 (D. Kan. May 28, 2020)).

[7] *Id.* (quoting *Reynard v. Washburn Univ. of Topeka*, No. 19-4012-HLT, 2020 WL 3791876, at *2 (D. Kan. July 7, 2020)).